**LAW OFFICES OF NICHOLAS J. PALMA, ESQ., P.C.**
**Valerie Palma DeLuisi, Esq.**
1425 Broad Street, Second Floor
Clifton, New Jersey 07013
Phone: 973-471-1121
Facsimile: 973-472-0032
VPD@PalmaLawFirm.com
*Attorney for Plaintiff Robert Greene*

**C. ELSTON & ASSOCIATES, LLC**
**Catherine M. Elston, Esq.**
309 Morris Ave., Suite E
Spring Lake, New Jersey 07762
Phone: 732-280-6911
Facsimile: 732-280-6955
CME@ElstonLaw.com
*Attorney for Plaintiff* Ryan Connell

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| ROBERT GREENE and RYAN CONNELL,<br><br>Plaintiffs,<br><br>v.<br><br>COUNTY OF ESSEX,<br>Defendant. | **INDIVIDUAL AND COLLECTIVE ACTION FOR UNPAID WAGES AND OVERTIME UNDER THE FAIR LABOR STANDARDS ACT**<br>**& JURY DEMAND** |

## NATURE OF THE COMPLAINT

1. **PLAINTIFF ROBERT GREENE**, on behalf of himself and all other Essex County Correctional Police Officers similarly situated, by and through his undersigned counsel, Valerie Palma DeLuisi, Esq. of the Law Offices of Nicholas J. Palma, Esq., P.C.; and **PLAINTIFF RYAN CONNELL**, on behalf of himself and all other Essex County Correctional Police Superior Officers similarly situated, by and through his undersigned counsel, Catherine M. Elston, Esq., of C. Elston & Associates, LLC, bring this collective action against Defendant County of Essex to

recover unpaid overtime wages pursuant to 29 U.S.C. § 201, *et seq.*, commonly known as the Fair Labor Standards Act ("FLSA").

### JURISDICTION and VENUE

2. United States District Court for the District of New Jersey has original subject matter jurisdiction over this matter, pursuant to 28 U.S.C. § 1331.

3. United States District Court for the District of New Jersey has supplemental jurisdiction over New Jersey State Law claims that form part of within case and controversy, pursuant to 28 U.S.C. § 1367.

4. Venue is properly vested in the United States District Court for the District of New Jersey, pursuant to 28 U.S.C. § 1391, as Plaintiff and Defendant reside or are headquartered in the State of New Jersey, and the claims herein arose within the jurisdictional limits of the United States District Court for the District of New Jersey.

### PARTIES

5. **Plaintiff ROBERT GREENE**, for all times relevant herein was and is employed by the County of Essex, as an Essex County Correctional Police Officer.

6. **Plaintiff RYAN CONNELL**, for all times relevant herein was and is employed by the County of Essex, as an Essex County Correctional Police Superior Officer, with the rank of Lieutenant.

7. **DEFENDANT COUNTY OF ESSEX** is a governmental entity organized under the laws of the State of New Jersey, and is Plaintiffs' employer, as defined by the FLSA, 29 U.S.C.

§ 203. Defendant has its principal offices located at the Hall of Records, 465 Dr. Martin Luther King, Jr. Blvd., in the City of Newark, County of Essex, State of New Jersey.

## FACTUAL BACKGROUND

8. Plaintiffs incorporate the foregoing paragraphs by reference, as if set forth fully herein.

9. When Essex County Correctional Police Officers and/or Superior Officers work in excess of their normal 40 hour workweek, they are paid in "compensatory time", at a rate of time and one half their normal hourly rate. Compensatory time is maintained in an employee's "time bank", which is accessible to the employee.

10. Once an Essex County Correctional Police Officer and/or Superior Officer has compensatory time accrued in his/her time bank, (s)he may choose to either utilize the hours for paid time off, or (s)he may cash in the compensatory time for wages, which are paid during the next pay period.

11. Officers and Superior Officers at Essex County Correctional Facility are required to attend training outside and in addition to their normal 40-hour workweek several times per year. This training is scheduled by the Essex County Department of Corrections Training Bureau, and is intentionally scheduled outside of an employee's normal workweek, to avoid disruption of department operations. Officers and Superior Officers are paid compensatory time at a rate of one and one half their normal hourly rate of pay for time spent in training.

12. Plaintiff ROBERT GREENE was ordered to undergo mandatory training outside and in addition to his normal 40-hour workweek on October 12, 2022, November 30, 2022, December 10, 2022, and January 20, 2023.

13. Accordingly, PLAINTIFF ROBERT GREENE is owed compensatory time at a rate of time and one half his regular rate of pay for all hours he spent in training. However, Defendant County of Essex failed to add these hours into PLAINTIFF ROBERT GREENE'S compensatory time bank and/or compensate Plaintiff in any other way. Consequently, PLAINTIFF ROBERT GREENE was not paid for attending mandatory training on these four (4) days.

14. In addition to his regular and customary duties as a Lieutenant at Essex County Correctional Facility, PLAINTIFF RYAN CONNELL is also a range instructor at Essex County Police Academy.

15. For his work as a range instructor outside and in addition to his normal work hours, PLAINTIFF RYAN CONNELL is paid by Defendant in compensatory time, at a rate of time and one half his normal rate of pay.

16. PLAINTIFF RYAN CONNELL worked as an instructor at the Essex County Police Academy in addition to his normal 40-hour workweek, on December 27, 2022, December 28, 2022, December 29, 2022, December 30, 2022, January 3, 2023, January 4, 2023, January 5, 2023, January 6, 2023, January 10, 2023, January 17, 2023 and January 18, 2023.

17. PLAINTIFF RYAN CONNELL is owed compensatory time at a rate of time and one half his regular rate of pay for all hours he spent working as an instructor at Essex County Police Academy. However, the County of Essex failed to add these hours into Plaintiff's time bank and/or compensate Plaintiff in any other way. Consequently, PLAINTIFF RYAN CONNELL was not paid for working as a range instructor at Essex County Police Academy on these eleven (11) days.

18. The work performed by Plaintiffs was so performed with the knowledge of and at the direction of Defendant and agents of Defendant who were above Plaintiffs in the chain-of-command.

19. PLAINTIFF ROBERT GREENE is a member of PBA Local 382, the majority representative for all Essex County Correctional Police Officers. The President of PBA Local 382, David Matos, along with other members of the PBA Local 382 executive board, met with the Director of Essex County Correctional Facility, Ron Charles, and addressed the issue of PLAINTIFF ROBERT GREENE and many other officers not being paid compensatory time for attendance at training. Director Charles promised he would correct this issue. However, the issue has not been corrected and PLAINITFF ROBERT GREENE, as well many similarly situated officers, still have not been paid.

20. PLAINTIFF RYAN CONNELL is a member of FOP Lodge 106, the majority representative for all Essex County Correctional Police Superior Officers. The President of FOP Lodge 106, Nathaniel Richardson, along with other members of the FOP Lodge 106 executive board, subsequently met with Director Charles and Deputy Director Marrow on January 17, 2023, and addressed the issue of PLAINTIFF RYAN CONNELL and many other superior officers not being paid compensatory time for attendance at training and/or time spent working as instructors at Essex County Police Academy. Director Charles claimed no knowledge of the issue, despite having been informed of the same by President David Matos. Once again, Director Charles promised to correct the issue. However, once again Director Charles failed to correct this issue, and PLAINTIFF RYAN CONNELL, as well as many similarly situated superior officers, still have not been paid.

21. In addition to the aforementioned meetings with Director Charles and Deputy Director Marrow, executive board members from the unions contacted Defendant's Payroll Department on at least two occasions, seeking to resolve this issue. They were not given detailed responses and the issue was not corrected.

22. As a result of Defendant's actions, Plaintiffs have suffered and continue to suffer severe and substantial monetary damages.

## FLSA COLLECTIVE ACTION ALLEGATIONS

23. In addition to bringing this action individually, Named Plaintiffs bring this action for violations of the FLSA as a collective action pursuant to § 16(b) of the Fair Labor Standards Act, 29 U.S.C. § 216(b), on behalf of all Essex County Correctional Police Officers and Superior Officers presently and formerly employed by Defendant, who were subject to Defendant's unlawful pay practices and policies, and who worked for Defendant at any point in the three years preceding the date the instant action was initiated (the members of this putative class are referred to as "Collective Plaintiffs").

24. Collective Plaintiffs consist of approximately 650 Essex County Correctional Police Officers and 75 Essex County Correctional Police Superior Officers who have been victims of Defendant's common policy and practices that have violated their rights under the FLSA by willfully denying them overtime pay for hours the employees spent in mandatory training and working as instructors at Essex County Police Academy.

25. Defendant's unlawful conduct has been intentional, willful, in bad faith, and caused significant damage to the Named Plaintiffs and Collective Plaintiffs.

26. Named Plaintiffs and Collective Plaintiffs are similarly situated, have substantially similar job duties, have substantially similar pay provisions, and are all subject to Defendant's unlawful policies and practices as discussed *infra*.

27. Collective Plaintiffs are known to Defendant, are readily identifiable by Defendant and can be located through Defendant's records, which Defendant is required to maintain, pursuant to the FLSA. These Collective Plaintiffs should be notified and allowed to opt into this action pursuant to 29 U.S.C. § 216(b).

28. Therefore, Named Plaintiffs should be permitted to bring this action as a collective action for and on behalf of themselves and those employees similarly situated, pursuant to the opt-in provision of the FLSA, 29 U.S.C. § 216(b).

**COUNT ONE**
**VIOLATION OF 29 U.S.C. § 203,** *et seq.*
**KNOWN AS THE FAIR LABOR STANDARDS ACT ("FLSA")**

29. Plaintiffs repeat and reallege the allegations set forth in the preceding paragraphs of this Complaint, as if set forth at length herein.

30. Defendant County of Essex is both an employer and a public agency, as defined by the FLSA, 29 U.S.C. § 203.

31. At all times relevant herein, Named Plaintiffs and Collective Plaintiffs were and are "employees" within the meaning of the FLSA. As such, Named Plaintiffs and Collective Plaintiffs are entitled to all rights, benefits and protections afforded by the FLSA.

32. At all times relevant herein, Defendant is and was fully aware of the provisions and requirements of the FLSA.

33. During the applicable statutory time period, Plaintiffs performed work for which they were not compensated in accordance with the FLSA. Particularly, Plaintiffs worked in excess of the statutory maximum number of hours provided for in the FLSA without receiving compensation for such excess hours at a rate of one and one-half times their regular hourly rate of compensation.

34. Because Defendant is and at all times relevant herein was aware that Named Plaintiffs and Collective Plaintiffs are entitled to the aforementioned compensation, the failure by Defendant to compensate Named Plaintiffs and Collective Plaintiffs in accordance with the FLSA is a knowing, willful and/or reckless violation of the FLSA, which extends the applicable time for which Defendant is liable to Plaintiffs, from two (2) years to three (3) years.

35. Defendant is liable to Named Plaintiffs and Collective Plaintiffs for unpaid overtime compensation, liquidated damages in an equal amount to compensation, reasonable attorney's fees, prejudgment and post-judgment interest and costs of this action.

**WHEREFORE**, Plaintiffs hereby demand judgment as follows:

a) Certifying this case as a collective action for violations of the FLSA, under 29 U.S.C. § 216(b), for the employees named and described herein, and designating Valerie Palma DeLuisi, Esq. as Designated Trial Counsel for all Essex County Correctional Police Officers who opt-in, and declaring Catherine M. Elston, Esq. as Designated Trial Counsel for all Essex County Correctional Police Superior Officers who opt-in;

b) Authorizing the issuance of notice at the earliest possible time to all Essex County Correctional Police Officers and all Essex County Correctional Police Superior Officers who were employed by Defendant during the three years immediately preceding the filing of this action. This notice should inform them that this action has been filed, describe the nature of the action, and explain their right to opt into this lawsuit.

c) Declaring that Defendant has willfully, recklessly and knowingly violated its statutory and legal obligations and deprived Plaintiffs of the rights, protections and entitlements afforded to them under federal law, including but not necessarily limited to the Fair Labor Standards Act, as alleged herein;

    d) An Order for a complete and accurate accounting of all compensation owed to Plaintiffs by Defendant;

    e) Monetary Damages for unpaid overtime compensation, Liquidated Damages in an equal amount to unpaid compensation, Prejudgment and Post-judgment Interest, reasonable Attorney's Fees and Reimbursement for costs of this action; and

    f) For such other relief as this Honorable Court deems equitable and just.

## DUTY TO PRESERVE

All applicable employment, training, payroll, telephone, email and/or other records pertaining to the within litigation are in the exclusive possession, custody and control of Defendant. Defendant is hereby notified of the duty imposed by 29 U.S.C. § 211(c) to maintain and preserve employment, training, payroll, telephone, email and/or other records with respect to the within plaintiffs, so that the sum of Defendants' liability may be ascertained.

Additionally, Defendant is officially on notice of the legal duty to preserve any and all evidence relevant to the within action, in addition to the records outlined above. The additional evidence that must be preserved includes but is not limited to emails, letters, correspondence, memoranda, notes, journal entries, social media (Facebook, Twitter, LinkedIn, etc.) messages and status updates, tweets, text messages, instant messages, audio or video recordings, phone messages, voicemails, business documents and/or records of whatsoever nature or kind, personnel files, financial records and notes relating to those records, and/or any other documents or records in any form relating to Named Plaintiffs and Collective Plaintiffs.

Should Defendant or any employee or agent thereof intentionally, recklessly, negligently or inadvertently destroy, alter, amend, change or adjust any of the above-referenced materials, including electronic correspondence between Named Plaintiffs and/or Collective Plaintiffs and any

Defendant or employee/agent thereof, sanctions will be sought in this litigation and an additional claim for spoliation/negligent concealment will be instituted.

## DESIGNATION OF TRIAL COUNSEL

**VALERIE PALMA DELUISI, ESQ.** is hereby designated as trial counsel for PLAINTIFF ROBERT GREENE.

**CATHERINE M. ELSTON, ESQ.** is hereby designated as trial counsel for PLAINTIFF RYAN CONNELL.

## TRIAL BY JURY

Named Plaintiffs hereby request trial by jury as to all matters so triable.

## CERTIFICATION

The undersigned attorneys for Plaintiffs hereby certify that to the best of their knowledge, information and belief, the matter is controversy is not the subject of any other action and/or arbitration proceeding, nor is any other action or arbitration proceeding contemplated at this time.

The undersigned further certify that to the best of their knowledge, information and belief, no other party should be joined in the within action at this time.

        Respectfully Submitted,
        **LAW OFFICES OF NICHOLAS J. PALMA, ESQ., P.C.,**
        *Attorneys for Plaintiff Robert Greene*

Dated: February 1, 2023      By: /s/*Valerie Palma DeLuisi*
                                       Valerie Palma DeLuisi, Esq.

**C. ELSTON & ASSOCIATES, LLC,**
*Attorneys for Plaintiff Ryan Connell*

Dated: February 1, 2023     By: /s/ *Catherine M. Elston*
                                    Catherine M. Elston, Esq.