NOT FOR PUBLICATION

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| ROBERT GREENE and RYAN CONNELL, *Plaintiffs*, v. COUNTY OF ESSEX, *Defendant*. | Civil Action No. 23-572 **OPINION & ORDER** |

**John Michael Vazquez, U.S.D.J.**

This putative collective action involves allegations that Defendant the County of Essex ("Defendant" or the "County") failed to pay Plaintiffs and similarly situated employees for overtime hours, in violation of the Fair Labor Standards Act ("FLSA"). Defendant seek to dismiss Plaintiffs' Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). D.E. 12. The Court reviewed the submissions made in support and opposition to the motion,[1] and considered the motion without oral argument pursuant to Fed. R. Civ. P. 78(b) and L. Civ. R. 78.1(b). For the reasons stated below, Defendant's motion is **DENIED**.

**I.    FACTUAL BACKGROUND & PROCEDURAL HISTORY**

Plaintiff Robert Greene is an Essex County Correctional ("ECC") Police Officer.[2] Compl. ¶ 5. Plaintiff Ryan Connell is an ECC Police Superior Officer. *Id.* ¶ 6. When ECC Police Officers

---

[1] The Court refers to Defendant's brief in support of its motion, D.E. 12-1, as "Def. Br."; Plaintiffs' brief in opposition, D.E. 16, as "Plfs. Opp."; and Defendant's reply brief, D.E. 18, as "Def. Reply".

[2] When reviewing a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), a court accepts as true all well-pleaded facts in a complaint. *Fowler v. UPMC Shadyside*, 578 F.3d

and Superior Officers work more than a 40-hour work week, they are paid for the excess hours in "compensatory time." *Id.* ¶ 9. Compensatory time is accrued in employees' "time bank," which can be used for paid time off or cashed in for wages at a rate of time and a half of their regular hourly rate. *Id.* ¶ 10.

Throughout the year, ECC Police Officers and Superior Officers are required to attend trainings, in addition to working their normal 40-hour work week. Officers are paid compensatory time for these trainings. *Id.* ¶ 11. Greene attended such mandatory additional trainings on October 12, 2022; November 30, 2022; December 10, 2022; and January 20, 2023. Plaintiffs allege that Defendant did not add the hours Green spent at training to his time bank. Thus, Greene was not paid for his attendance at these trainings. *Id.* ¶¶ 12-13. Greene alleges that he is owed the compensatory rate for the time he spent at the trainings. *Id.* ¶ 13. Plaintiffs further allege that many similarly situated ECC Police Officers have not been paid at the compensatory rate for attending these mandatory trainings. *Id.* ¶¶ 19-20.

Plaintiffs further allege that Connell is a range instructor at the Essex County Police Academy. *Id.* ¶ 14. Connell's work as a range instructor was in addition to his normal work hours and he was paid in compensatory time. *Id.* ¶ 15. Plaintiffs allege that Connell worked as an instructor, in addition to his 40-hour work week, December 27 through 30, 2022; January 3 through 6, 2023; January 10, 2023; January 17, 2023; and January 18, 2023. Defendant did not add these additional hours into his time bank. Accordingly, Plaintiffs allege that Connell was not paid for his work as an instructor on those days. *Id.* ¶¶ 16-17. Plaintiffs add that similarly situated Superior

---

203, 210 (3d Cir. 2009). Accordingly, the Court draws the factual background from Plaintiffs' Complaint. D.E. 1.

Officers are not being paid compensatory time for their time spent working as instructors at the Essex County Police Academy. *Id.* ¶ 20.

Plaintiffs filed their single-count Complaint, asserting overtime violations against Defendant under the FLSA. Plaintiffs seek to bring their claim as a collective action, on behalf of similarly situated employees who also were not paid for overtime hours from attendance at trainings or as instructors. *Id.* ¶¶ 23-28. Defendant filed the instant motion to dismiss pursuant to Rule 12(b)(6).[3] D.E. 12.

## II.    LEGAL STANDARD

Federal Rule of Civil Procedure 12(b)(6) permits a court to dismiss a complaint that fails "to state a claim upon which relief can be granted[.]" Fed. R. Civ. P. 12(b)(6). For a complaint to survive dismissal under Rule 12(b)(6), it must contain sufficient factual matter to state a claim that is plausible on its face. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* Further, a plaintiff must "allege sufficient facts to raise a reasonable expectation that discovery will uncover proof of her claims." *Connelly v. Lane Constr. Corp.*, 809 F.3d 780, 789 (3d Cir. 2016). In evaluating the sufficiency of a complaint, district courts must separate the factual and legal elements. *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210-211 (3d Cir. 2009). Restatements of the elements of a claim are legal conclusions, and therefore, not entitled to a presumption of truth. *Burtch v. Milberg Factors, Inc.*, 662 F.3d 212, 224 (3d Cir. 2011). The Court, however, "must accept all of the complaint's well-pleaded facts as

---

[3] Plaintiffs' motion for conditional collective action certification (D.E. 17) is also pending before this Court and will be addressed separately.

true." *Fowler*, 578 F.3d at 210.  Even if plausibly pled, however, a complaint will not withstand a motion to dismiss if the facts alleged do not state "a legally cognizable cause of action." *Turner v. J.P. Morgan Chase & Co.*, No. 14-7148, 2015 WL 12826480, at *2 (D.N.J. Jan. 23, 2015).

**III.   ANALYSIS**

"[T]he FLSA establishes federal minimum-wage, maximum-hour, and overtime guarantees that cannot be modified by contract." *Davis v. Abington Mem'l Hosp.*, 765 F.3d 236, 241 (3d Cir. 2014) (quoting *Genesis Healthcare Corp. v. Symczyk*, 569 U.S. 66, 69 (2013)).  Under the FLSA, employers must pay their employees at least one and a one-half times the employer's "regular rate" of pay for each hour worked over 40 hours a week.  29 U.S.C. § 207(a)(1). Employers who violate this provision are "liable to the employee or employees affected in the amount of . . . the unpaid overtime compensation . . . and in an additional equal amount as liquidated damages."  29 U.S.C. § 216(b).

Defendant first argues that the Department of Labor ("DOL") created regulations to lessen the impact of the FLSA on state and local employers.  Defendant continues that the Complaint must be dismissed because Plaintiffs "allege claims as if they worked for a private employer." Def. Br. at 7.  Defendant provides a lengthy discussion of the legislative history of the FLSA to make this argument.  Def. Br. at 6-7.  Nothing in its discussion, however, establishes that the County is not subject to the FLSA.  In fact, Defendant acknowledges that there are specific regulations that apply to fire protection and law enforcement personnel.  *Id.* at 8 (citing 29 C.F.R. §§ 553.200 – 553.233).

Turning to the regulations, Defendant maintains that pursuant to 29 C.F.R. § 553.226(b), it is not required to pay Plaintiffs for time spent at state mandated trainings.  Def. Br. at 8-12. Plaintiffs counter that 29 C.F.R. § 553.226(b) is not applicable and instead point to 29 C.F.R. §

4

553.226(a). Plf. Opp. at 9-10. Section 553.226 sets forth situations in which fire protection and law enforcement employees' trainings may be non-compensable. 29 C.F.R. § 553.226(b). The regulation first provides that "[t]he general rules for determining the compensability of training time under the FLSA are set forth in §§ 785.27 through 785.32 of this title." 29 C.F.R. § 553.226(a). Pursuant to Section 785.27, an employee's time spent in mandatory, work-related training outside of an employee's regular working hours is considered compensable work. *See* 29 C.F.R. § 785.27. Next, Section 553.226(b) provides that specialized or follow-up training is not compensable for public employees when (1) it "is required by law for certification of public and private sector employees within a particular governmental jurisdiction (e.g., certification of public and private emergency rescue workers)," or (2) "is required for certification of employees of a governmental jurisdiction by law of a higher level of government (e.g., where a State or county law imposes a training obligation on city employees)." 29 C.F.R. § 553.226(b)(1), (2). As pled, the trainings do not appear to fall into either of the subsection (b) categories. Plaintiffs do not allege that the training was required by law for any certification, or mandated by the State or any higher governmental entity.

Defendant counters that the range instruction provided by Connell is necessary to ensure that ECC Officers comply with firearms standards issued by the New Jersey Attorney General. Def. Br. at 11-12. Defendant provides a link to the standards in its brief but does not explain why the Court can consider the document at this stage. *See id.* at n.2. While not addressed by Defendant, in deciding a Rule 12(b)(6) motion, a court ordinarily considers only the factual allegations, exhibits attached to the complaint, and matters of public record. *Lum v. Bank of Am.*, 361 F.3d 217, 221 n.3 (3d Cir. 2004). "Public records include criminal case dispositions, letter decisions of government agencies, published reports of administrative bodies, judicial opinions,

and hearing transcripts." *Logan v. Bd. of Educ. of Sch. Dist. of Pittsburgh*, 742 F. App'x 628, 632 (3d Cir. 2018). Accordingly, it appears that the Court may consider the firearm standards. But here, Plaintiffs plead that Connell was an instructor, Compl. ¶¶ 15-16, not that he went to the range to obtain any certification. Accordingly, the Attorney General firearm standards do not appear to aid Defendant's argument as to Connell.

Next, Defendant argues that Greene attended a training required by the Police Training Commission ("PTC"), as set forth in the Police Training Act, N.J. Stat. Ann. § 52:17B-66. Def. Br. at 12. Plaintiffs plead that the Essex County Department of Corrections Training Bureau required Greene to attend the trainings. Compl. ¶ 11. But Defendant does not explain the interplay, if any, between the PTC and the Essex County Department of Corrections Training. Accordingly, the reason Greene attended the training is not clear from Plaintiff's pleading, even considering the Police Training Act. The Court, therefore, cannot conclude at this stage that Greene's trainings fall into either exception set forth at 29 C.F.R. § 553.226(b).[4]

Accordingly, the Court turns to 29 C.F.R. § 553.226(a) and, therefore, 29 C.F.R. § 785.27, to determine if Plaintiffs are entitled to compensatory pay for their alleged overtime hours. *See Misewicz v. City of Memphis*, 771 F.3d 332, 338 (6th Cir. 2014) (explaining that "if training required by a public-sector employer does not meet an exception in § 553.226(b), the employer must prove that it falls under a general exception in §§ 785.27-32 if it wishes not to compensate its employees for training"). Again, Section 553.226(a) indicates that Section 785.27 through Section 785.32 set forth the general rules for determining the compensability of training time under

---

[4] Plaintiffs counter that 29 C.F.R. § 553.226(b) only applies to training that is in addition to training for primary law enforcement or fire protection activity duties. Plf. Opp. at 9-10. Because Defendant does not establish the basic elements for a Section 553.226(b) exception, the Court does not reach this issue. Moreover, this issue seems more appropriately suited for summary judgment rather than a motion to dismiss.

6

the FLSA. Section 785.27 provides that for training to not be compensable, the following four criteria must be met:

> (a) Attendance is outside of the employee's regular working hours;
> (b) Attendance is in fact voluntary;
> (c) The course, lecture, or meeting is not directly related to the employee's job; and
> (d) The employee does not perform any productive work during such attendance.

29 C.F.R. § 785.27. As discussed, Plaintiffs plead that Greene was ordered to attend mandatory training, Compl. ¶ 12, so the exception is not met. Consequently, the County's motion to dismiss is denied with respect to its Section 553.226 argument.

Defendant also argues that Plaintiffs fail to state a claim because they do not plead that the training caused them to exceed the overtime threshold established through 29 U.S.C. § 207(k). Def. Br. at 13-16. As discussed, the FLSA generally requires employers to pay an employee overtime for any work over forty hours for a given workweek. 29 U.S.C. § 207(a)(1). But there are exceptions to this general rule. Relevant here, Section 207(k) permits employers to adopt longer than forty-hour workweeks for public employees engaged in fire protection or law enforcement activities. 29 U.S.C. § 207(k). For an employer to qualify for the Section 207(k) exception, "(1) 'the employees at issue must be engaged in fire protection or law enforcement within the meaning of the statute and (2) the employer must have established a qualifying work period.'" *Rosano v. Township of Teaneck*, 754 F.3d 177, 185 (3d Cir. 2014) (quoting *Calvao v. Township of Framingham*, 599 F.3d 10, 14 (1st Cir. 2010)). The employer has the burden to establish both requirements and "must demonstrate 'that the employee and/or employer come plainly and unmistakably within the exemption's terms.'" *Id.* (quoting *Lawrence v. City of Philadelphia*, 527 F.3d 299, 310 (3d Cir. 2008)).

7

Section 207(k) permits public employers to establish a work-period of at least 7 but less than 28 days. 29 U.S.C. § 207(k). 29 C.F.R. § 553.230 then provides a table establishing the maximum hours worked before the employer must pay overtime, based on the length of the work period in days. 29 C.F.R. § 553.230. Thus, "[i]t is the 'cycle of days actually worked that is controlling.'" *Hughes v. Township of Franklin*, No. 13-3761, 2015 WL 9462965, at *6 (D.N.J. Dec. 23, 2015) (quoting *McGrath v. City of Philadelphia*, 864 F. Supp. 466, 478 (E.D. Pa. 1994)). Here, Plaintiffs plead that ECC Police Officers and Superior Officers are paid compensatory time if they work "in excess of their normal 40[-]hour workweek." Compl. ¶ 9. There is no indication that Plaintiffs worked anything other than a forty-hour week.[5] Thus, viewing the Complaint in a light most favorable to Plaintiffs, no allegations demonstrate that the County adopted a Section 207(k) work period.

Finally, the County contends that the Complaint must be dismissed because Plaintiffs fail to allege that they worked their normal 40-hour workweek, in addition to the trainings. Def. Br. at 16-17. To state a plausible claim for unpaid overtime pursuant to 29 U.S.C. § 207, a plaintiff must sufficiently allege that in a given workweek, he worked more than forty hours. *Davis*, 765 F.3d at 243. Plaintiffs do so here. Greene alleges that he attended training, *in addition to* his normal 40-hour workweek on four separate dates. Compl. ¶ 12. Connell pleads that he worked as an instructor at the Police Academy on numerous specific dates, *in addition to* his normal 40-hour week. *Id.* ¶ 16.

---

[5] The Court notes that Defendant has the duty to establish that the Section 207(k) exception applies. *See Hughs*, 2015 WL 9462965, at *7. Although the Court may not consider new allegations in a brief to decide a motion to dismiss, the new factual allegations in Defendant's brief do not establish that Section 207(k) applies.

In reply, Defendant contends that the Complaint must be dismissed because Plaintiffs appear to seek "unpaid straight time." Def. Reply at 2. Defendant continues that pursuant to *Davis v. Abington Memorial Hospital*, the FLSA does not provide a remedy for Plaintiffs' claim. *Id.* at 3. In *Davis*, the Third Circuit explained that "there is no cause of action under the FLSA for 'pure' gap time wages-that is, wages for unpaid work during pay periods without overtime." *Davis*, 765 F.3d at 244. But as discussed, Plaintiffs plead that Greene and Connell's trainings and work as an instructor, respectively, occurred after they worked their 40-hour week. Consequently, Plaintiffs' allegations here are not the pure gap time wages that the Third Circuit addressed in *Davis*. Plaintiffs, therefore, plausibly plead a claim for unpaid overtime in violation of the FLSA. Defendant's motion is denied on these grounds.

### IV.  CONCLUSION

For the foregoing reasons, and for good cause shown,

IT IS on this 9th day of June, 2023,

**ORDERED** that Defendant's motion to dismiss (D.E. 12) is **DENIED**.

_____
John Michael Vazquez, U.S.D.J.