NOT FOR PUBLICATION

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | |
|---|---|
| ROBERT GREENE and RYAN CONNELL,<br><br>    *Plaintiffs*,<br><br>v.<br><br>COUNTY OF ESSEX,<br><br>    *Defendant*. | Civil Action No. 2:23-cv-00572<br><br>**OPINION & ORDER** |

**John Michael Vazquez, U.S.D.J.**

    This putative collective action involves allegations that Defendant the County of Essex ("Defendant" or "the County") failed to pay Plaintiffs and similarly situated employees for overtime hours, in violation of the Fair Labor Standards Act ("FLSA"). Through this motion, Plaintiffs seek conditional certification, court authorized notice, and the production of names and contact information for putative members pursuant to 29 U.S.C. § 216(b). D.E. 17. The Court reviewed the submissions made in support and opposition to the motion,[1] and considered the motion without oral argument pursuant to Fed. R. Civ. P. 78(b) and L. Civ. R. 78.1(b). For the reasons stated below, Plaintiffs' motion is **GRANTED in part** and **DENIED in part.**

## I. FACTUAL BACKGROUND & PROCEDURAL HISTORY

    Plaintiffs Robert Greene and Ryan Connell are Essex County Correctional Police and Police Superior Officers. Compl. ¶¶ 5-6. Plaintiffs allege that on several occasions in 2022 and

---

[1] The Court refers to Plaintiffs' brief in support of their motion, D.E. 17-1, as "Plfs. Br."; Defendant's brief in opposition, D.E. 23, as "Def. Opp."; and Plaintiffs' reply brief, D.E. 24 as "Plfs. Reply."

2023, they were required to work hours in addition to a normal 40-hour workweek but were not paid for these hours. Specifically, Greene maintains that he was not compensated for attending required trainings, and Connell contends he was not compensated for his work as a range instructor at the Essex County Police Academy. *Id.* ¶¶ 11-17. Plaintiffs allege that many similarly situated Essex County Correctional Police Officers and Superior Officers were also not paid, in excess of their 40-hour workweek, for hours that they spent attending trainings or serving as an instructor. *Id.* ¶¶ 19-20.

On May 15, 2023, Plaintiffs filed the instant motion to conditionally certify a collective action class and provide notice to similarly situated Essex County Correctional Police and Police Superior Officers. To facilitate their court-authorized notice request, Plaintiffs seek the production of names, job titles, dates of employment, addresses, telephone numbers, personal email addresses, work email addresses, locations of employment, employee I.D. numbers, and the last four digits of social security numbers of putative class members. D.E. 17. Defendant opposes the motion. D.E. 23.

**II. LEGAL ANALYSIS**

The FLSA requires that employers compensate employees who work more than forty hours per week at an overtime rate of at least one and one-half times the regular pay rate. 29 U.S.C. § 207(a)(1). The FLSA provides a private right of action to recover unpaid overtime for employees alleging their employer violated § 207. 29 U.S.C. § 216(b). Under § 216, employees may bring a collective action on behalf of themselves and other employees that are "similarly situated." *Id.* Additionally, the FLSA provides that "[n]o employee shall be a party plaintiff to any such action unless he gives his consent in writing to become such a party and such consent is filed in the court in which such action is brought." *Id.*

The Third Circuit employs a two-tiered analysis to determine whether a suit may move forward as a collective action. *Symczyk v. Genesis HealthCare Corp.* (*Symczyk I*), 656 F.3d 189, 192 (3d Cir. 2011), *rev'd on other grounds by Genesis HealthCare Corp. v. Symczyk (Symczyk II)*, 569 U.S. 66 (2013). In the first step, the court "makes a preliminary determination whether the employees enumerated in the complaint can be provisionally categorized as similarly situated to the named plaintiff." *Id.* at 192. The term "similarly situated" is not defined by the FLSA. *Id.* The Third Circuit applies a "modest factual showing" standard. *Id.* Under this standard, a plaintiff "must produce some evidence, 'beyond pure speculation,' of a factual nexus between the manner in which the employer's alleged policy affected her and the manner in which it affected other employees." *Id.* at 193. Being similarly situated means that "one is subjected to some common employer practice that, if proved, would help demonstrate a violation of the FLSA." *Zavala v. Wal-Mart Stores Inc.*, 691 F.3d 527, 538 (3d Cir. 2012). "[T]he burden is on the plaintiffs to establish that they satisfy the similarly situated requirement." *Id.* at 537. If plaintiffs satisfy this burden, "the court will "conditionally certify" the collective action for the purposes of notice and pretrial discovery."[2] *Symczyk I*, 656 F.3d at 192.

"'Conditional certification' is not really a certification." *Zavala*, 691 F.3d at 536. Rather, it is "the district court's exercise of [its] discretionary power." *Symczyk I*, 656 F.3d at 194 (quoting *Myers v. Hertz Corp.*, 624 F.3d 537, 555 n.10 (2d Cir. 2010)). A conditional certification "is

---

[2] The second step is not presently at issue. But if the first step is satisfied, and conditional certification is granted, the court moves to step two. *Symczyk I*, 656 F.3d at 193. The second step is "traditionally triggered by a defendant's motion to 'decertify the class' on the ground that its proposed members are not similarly situated. *Id.* at 194 (quoting *Lusardi v. Xerox Corp.*, 975 F.2d 964, 967 (3d Cir. 1992)). In the second step, after discovery, the court "makes a conclusive determination as to whether each plaintiff who has opted in to the collective action is in fact similarly situated to the named plaintiff." *Id.* at 193. The second step is "less lenient, and the plaintiff bears a heavier burden." *Id.* at 194.

neither necessary nor sufficient for the existence of a representative action under FLSA." *Id.* The purpose of a conditional certification is solely to facilitate "the sending of notice to potential class members." *Id.*

Here, Plaintiffs argue that this Court should conditionally certify a collective action because they have met their burden of showing that Plaintiffs and putative Plaintiffs are similarly situated. Plfs. Br. at 8. Plaintiffs add that they and putative Plaintiffs are Correctional Police Officers and Superior Officers employed by the County. *Id.* Further, all Plaintiffs and putative Plaintiffs are "subject to the same terms and conditions of employment, pay scale, and employee benefits." *Id.* Critically, Plaintiffs continue that all Plaintiffs and putative Plaintiffs were required to attend and serve as instructors for trainings outside of their normal 40-hour workweek and were not compensated for this time. *Id.* at 9. To support their claim that other putative class members are similarly situated, Plaintiffs submit declarations from an Essex County Correctional Police Officer and a Police Lieutenant addressing instances where they worked more than their normal 40-hour workweek but were not paid for these excess hours. *See* Decl. of Ehsan Aliabadi, D.E. 17-6; Decl. of James Palma, D.E. 17-7.

Defendant argues that conditional certification is not appropriate because potential collective action members do not have identical claims. Specifically, Defendant maintains that some employees may be entitled to fully compensable overtime while others may not. Def. Opp. at 5. Again, to meet the modest factual showing at the first stage, Plaintiffs must only demonstrate that an alleged policy affected Plaintiffs in a factually similar manner as other employees. *See Porter v. Merrill Lynch Pierce Fenner & Smith, Inc.*, No. 17-8043, 2018 WL 5874094, at *3 (D.N.J. Nov. 9, 2018). As discussed, Plaintiffs do so here. *See* Compl. ¶¶ 11-17; Aliabadi Decl.;

4

Palma Decl.. Defendant's assertions regarding specific employees are more properly addressed in a motion to decertify the class at step two.

Defendant also challenges the merits of Plaintiffs' FLSA claim. Defendant argues that because Plaintiffs do not raise valid FLSA claims, this Court should not conditionally certify a collective action. Def. Opp. at 6-8. Defendant made similar arguments in support of its motion to dismiss the Complaint, which were rejected by the Court. *See* MTD Opinion at 4-9, D.E. 25. The Court incorporates its analysis from the MTD Opinion into this Opinion and Order. Accordingly, for the same reasons explained in the June 9, 2023 Opinion and Order denying Defendant's motion to dismiss, Defendant's arguments regarding the merits of Plaintiffs' FLSA claim are rejected. In sum, Plaintiffs meet the modest factual showing standard such that conditional certification is appropriate.

Thus, the Court turns to notice. As discussed, the purpose of conditional certification is to facilitate notice to the putative class. *Symczyk I*, 656 F.3d at 194. Moreover, courts have discretion to authorize notice to putative plaintiffs. *Hoffmann-La Roche Inc. v. Sperling*, 493 U.S. 165, 170 (1989). "Court authorization of notice serves the legitimate goal of avoiding a multiplicity of duplicative suits and setting cutoff dates to expedite disposition of the action." *Id.* at 172. In this instance, the parties raise several issues regarding class notice; the Court addresses each in turn.

Plaintiffs first request that this Court authorize notice to Essex County Correctional Police Officers and Superior Officers currently employed by the County, and those employed for three years prior to the filing of the Complaint. Plfs. Br. at 12. Current Officers and Superior Officers are clearly within the purview of Plaintiffs' suit and should receive timely and accurate notice so that they may make an informed decision about whether to participate. The Court also grants Plaintiffs' request that notice be sent to Officers and Superior Officers employed for three years

5

prior to the filing of the Complaint. The statute of limitations to bring a claim under the FLSA is two years but may be extended to three years if the defendant acted willfully. 29 U.S.C. § 255(a); *see also Pearsall-Dineen v. Freedom Mortg. Corp.*, 27 F. Supp. 3d 567, 574 (D.N.J. 2014). An employer "willfully" violates the FLSA when it "either 'knew' its conduct was prohibited by the FLSA or 'showed reckless disregard for the matter.'" *Souryavong v. Lackawanna County*, 872 F.3d 122, 126 (3d Cir. 2017) (quoting *McLaughlin v. Richland Shoe Co.*, 486 U.S. 128, 133 (1988)). Plaintiffs assert that Defendant promised to correct the payment issue yet failed to do so. Compl. ¶¶ 19-20. Therefore, Plaintiffs allege willfulness.

     Next, Defendant must provide Plaintiffs with the putative class member's (1) name; (2) job title; (3) dates of employment; (4) address; (5) work email address; (6) personal email address; (7) location of employment; and (8) employee I.D. number within twenty days of the entry of this Opinion and Order. To the extent the information exists in an electronic format, Defendant shall provide it in such a format. While Defendant argues that much of this information is overbroad and intrusive, Def. Opp. at 8, courts routinely order employers to produce this information in collective actions. *See, e.g.*, *Pearsall-Dineen*, 27 F. Supp. 3d at 574; *Gervasio v. Wawa Inc.*, No. 17-245, 2018 WL 385189, at *5-6 (D.N.J. Jan. 11, 2018). However, Plaintiffs' request for social security and telephone numbers is denied. Plaintiffs do not assert that social security numbers are necessary to identify putative class members in light of the other information which is to be provided. Further, Plaintiffs do not request that notice be provided by telephone, so telephone numbers are also not required for timely and accurate notice.[3]

---

[3] If the other forms of notice prove to be unsuccessful, Plaintiffs can then request the production of telephone numbers.

In addition, the Court will authorize that notice be (1) mailed, by Plaintiffs' counsel, to all members of the putative class; and (2) emailed, by Plaintiffs' counsel, to all members of the putative class at their last known personal and work email address. The Court additionally authorizes Plaintiffs' counsel to send a reminder halfway through the notice period, by mail and email, to putative class members that have not responded. This is reasonable to ensure timely and accurate notice and is within this Court's discretion to grant. *See Hagans v. Nat'l Mentor Healthcare, Inc.*, No. 22-00128, 2023 WL 2554159 at *5-6 (D.N.J. Mar. 17, 2023) (authorizing plaintiffs to utilize mail and electronic communications, as well as a reminder, when providing notice); *Porter*, 2018 WL 5874094, at *4 (same). The Court, however, denies Plaintiffs' request to be physically present and to post the notice at Defendant's location. Plaintiffs fail adequately to explain why these extra steps are necessary, considering the mail and email notice.

Plaintiffs' request for a 90-day opt-in period is also denied without prejudice. An opt-in period of 60 days is sufficient time to provide putative class members with notice, while not needlessly delaying litigation. *Hagans*, 2023 WL 2554159 at *6; *Sanchez v. Santander Bank, N.A.*, No. 17-5775, 2019 WL 6050738 *4 (D.N.J. Nov. 15, 2019). If Plaintiff face difficulties locating or contacting putative plaintiffs within this time, they may renew their request for a ninety-day period or to take additional steps to ensure putative class members are receiving notice.

Finally, the parties shall meet and confer as to the precise contents and form of the notice and consent to opt-in. The Court provides the parties with forty-five (45) days to resolve their disputes, and submit a joint proposed notice form consistent with this Opinion.

### III. CONCLUSION

For the foregoing reasons, and for good cause shown,

IT IS on this 13th day of July, 2023,

**ORDERED** that Plaintiffs' Motion for Conditional Collective Action Certification; Court Authorized Notice; and Production of Names and Contact Information (D.E. 17) is **GRANTED in part** and **DENIED in part**; and it is further

**ORDERED** that the Court certifies a class of Essex County Correctional Police and Police Superior Officers employed by Defendant from February 1, 2020 to the present, pursuant to 29 U.S.C. § 216(b); and it is further

**ORDERED** that the Court authorizes notice to putative plaintiffs as outlined in this Opinion and Order; and it is further

**ORDERED** that the parties shall meet and confer regarding the contents of the notice and consent form, and must submit the proposed notice to the Court for review and approval within forty-five (45) days from receipt of this Opinion and Order.

_____
John Michael Vazquez, U.S.D.J.